■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE GREEN, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered June 20, 1986, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

As the defendant received the sentence which had been promised, he should not now be heard to complain that it is excessive *(see, People v Kazepis,* 101 AD2d 816).

In any event, we find that the sentence is not unduly harsh or excessive. The defendant received the maximum permissible sentence for a conviction of the class C violent felony of burglary in the second degree, as a second felony offender. However, his plea agreement resulted in that sentence being served concurrently with a sentence of an indeterminate term

of 15 years to life to be imposed on an unrelated conviction in which the defendant was adjudicated a persistent felony offender. By virtue of the plea to the instant offense, the court found mitigating circumstances so as to allow the defendant to avoid an otherwise mandatory consecutive sentence *(see,* Penal Law § 70.25 [2-b]).

We find that the defendant has not set forth any factors which would warrant interfering with the sentencing court's proper exercise of discretion *(see, People v Suitte,* 90 AD2d 80). This is not one of those "rare cases" envisioned by *People v Broadie* (37 NY2d 100, *cert denied* 423 US 950), where, on its particular facts, the sentencing statute has been unconstitutionally applied. Thompson, J. P., Kunzeman, Eiber, Spatt and Balletta, JJ., concur.